

# Fourth Court of Appeals
## San Antonio, Texas

August 29, 2022

No. 04-22-00409-CV

Jim **KIRKLAND**,
Appellant

v.

**V & S TOTAL TRADE, LLC**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2022 CV01025
Kevin Henderson, Judge Presiding

# O R D E R

This is an appeal in a forcible detainer case. Appellant appealed the trial court's judgment, which awarded possession of the real property to appellee. Included in the clerk's record on appeal is the trial court's judgment and a writ of possession. The record does not show that appellant filed a supersedeas bond to suspend the judgment. Nor does the record include a sheriff's return, indicating the writ of possession has been executed and possession delivered to appellee.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). "When a tenant is no longer in possession of the property and has not superseded the judgment of possession, her appeal is moot unless: (1) she timely and clearly expressed an intent to exercise the right of appeal, and (2) appellate relief is not futile." *Stewart v. Fiesta City Realtors*, No. 04-17-00839-CV, 2018 WL 4760151, at *1 (Tex. App.—San Antonio Oct. 3, 2018, no pet.) (mem. op.). "Appellate relief is not futile if the tenant holds and asserts 'a potentially meritorious claim of right to _current, actual possession_" of the property. *Id.* (emphasis in original). Issues independent of possession may be reviewable, even if the issue of possession is moot. *See Cavazos v. San Antonio Hous. Auth.*, No. 04-09-00659-CV, 2010 WL 2772450, at *2 (Tex. App.—San Antonio July 14, 2010, no pet.) (mem. op.). Here, it is unclear whether appellant currently holds possession of the real property at issue in this appeal. It also is not apparent from the record whether appellant holds and asserts a potentially meritorious claim of right to current, actual possession of the property.

Accordingly, on August 10, 2022, this court ordered appellant to show cause in writing why this appeal should not be dismissed for lack of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f), 44.3. All other appellate deadlines were held in abeyance. On August 25, 2022, appellant filed a response (1) stating he is no longer in possession of the property at issue and (2) explaining the grounds for his potentially meritorious claim of right to current, actual possession of the property. Appellant's response is sufficient to reinstate this appeal on the court's docket, without prejudice to the parties raising the issue of mootness in their briefs if they so desire.

On August 9, 2022, Ms. Kay Counseller, the court reporter responsible for preparing, certifying, and filing the reporter's record in this appeal, was notified that the reporter's record had not been filed. Ms. Counseller was instructed to file either a Notification of Late Record within ten days of our letter or the record within thirty days of our letter. Because this appeal has been reinstated on the court's docket, Ms. Counseller is hereby ORDERED to file a Notification of Late Record **no later than September 8, 2022** or the record **no later than September 28, 2022**.

Rebeca C. Martinez, Chief Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of August, 2022.

MICHAEL A. CRUZ, Clerk of Court